UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APRIL WHITE, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | No. 3:14-1189 |
| v. ) | Judge Campbell/Brown |
| ) | **Jury Demand** |
| PUBLIX SUPER MARKETS, INC., ) | |
| ) | |
| Defendant ) | |

# **O R D E R**

The initial case management conference was held in this matter on July 21, 2014. The parties had a proposed initial case management order with substantially different views as to how the case should proceed. The parties do not dispute jurisdiction and venue. The parties do, however, disagree as to whether the various pay plans the Defendant has violate the conditions of the Fair Labor Standard Act. The Plaintiffs wish for the Court to permit the case to proceed as a collective action, pursuant to 29 U.S.C. § 216(b) and order Defendant to produce the name and contact information for perspective class members so notice may be sent to allow them to exercise their right to join in this collective action.

The Defendant contends that, since Defendant properly excludes the holiday bonuses, holiday pay, retail bonus payments, and other payments at issue from the regular rate of pay calculation, that the Plaintiffs are not entitled to conditional or final certification or to court-facilitated notice under 29 U.S.C.

§ 216(b). The number of employees and former employees is estimated to be somewhere in the 150,000 range.

The Plaintiffs have filed a motion to conditionally certify the class (Docket Entry 3). The response to that motion has been delayed pending the adoption of a case management order (Docket Entry 56).

In the parties' proposed initial case management order, they have divergent opinions as to how the case should proceed. The **Clerk** will file the proposed initial case management order as the next docket entry in this case, so that those proposals will be preserved in the record.

After discussion with counsel, the Magistrate Judge believes that consideration must be given to some delay in sending out the initial notification. Defendant advised that they do have the ability to produce the contact information for these employees. However, it will not be as simple as pushing a single button. Additionally, the Magistrate Judge notes that the cost in sending out notifications to 150,000 people will be substantial. Depending on the outcome of the case one side or the other will substantially bear that cost.

It appears to the Magistrate Judge that there is a reasonable possibility that the size of the class can be reduced if there are legal determinations as to whether the various pay plans involved are appropriate as a matter of law.

The Defendant agrees that in view of their request for additional time before sending out notification that the statute of limitations shall be tolled as of the date of the filing of the lawsuit. Thus, the delay will not affect the rights of potential opt-in Plaintiffs as far as time limits go. The Plaintiffs do point out that given the mobile nature of employees on the lower end of the wage scale, that the passage of time may make contact more difficult. There is certainly a justification for keeping any delays as short as reasonably possible.

The Defendant agrees that the Plaintiffs are entitled to a reasonable period of discovery in order to respond to what will in effect be motions for summary judgment on various of the pay plans.

The parties are directed to confer to see, if within the guidance given in this order and at the initial case management conference, they can agree on a schedule with fixed dates for completion of this initial discovery and briefing of dispositive motions concerning the various pay plans. The initial case management conference will be continued to **August 4, 2014, at 2:00 p.m., Courtroom 783.** The parties should submit their proposed scheduling order by close of business on **Friday, August 1, 2014**. If the parties can agree on the order the conference will be conducted by telephone. **To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

The default standard contained in Administrative Order 174 shall apply to this case, however, the information described in paragraph 2 of the order need not be exchanged until August 8, 2014. The e-discovery coordinator for Plaintiffs will be Christine Webber and the e-discovery coordinator for Defendant will be Brent Knight.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge
