UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APRIL WHITE and BRUCE BOGACH, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs<br><br>        v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>        Defendant | **Case 3:14-1189**<br>**Judge Campbell/Brown**<br>**Jury Demand** |

# INITIAL CASE MANAGEMENT ORDER

An Initial Case Management Conference in the above-titled action was held on **Monday, July 21, 2014**, and was subsequently continued (*see* Docket No. 60) to **Monday, August 4. 2014** at **2:00 pm.** Pursuant to Local Rule 16.01, as well as this Court's July 22, 2014 Order (Docket No. 60) and the instructions given by the Court at the July 21, 2014 case management conference, Plaintiffs April White and Bruce Bogach ("Plaintiffs") and Defendant Publix Super Markets, Inc. ("Publix") submitted a Proposed Initial Case Management Order, which the Magistrate Judge has modified as a result of the initial case management conference.

    **1.**    **Jurisdiction and Venue**

Plaintiffs bring this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Publix does not dispute that this Court has jurisdiction over Plaintiffs' claims or that the Middle District of Tennessee is a proper venue.

    **2.**    **Plaintiffs' Theory of the Case**

Plaintiffs, individually and on behalf of all similarly situated employees classified as hourly associates by Publix, assert that Publix's pay policies, practices and procedures resulted in

-1-

wide-spread, systemic violations of the overtime provisions of the FLSA by failing to pay hourly associates overtime compensation at time and a half their correctly calculated regular rates (inclusive of all non-excludable compensation) for each overtime work week. Publix excluded certain compensation from the calculation of the applicable overtime regular rate for all hourly associates (e.g. Holiday Bonus, Holiday Pay, Tuition Reimbursement, etc), which did not meet the requirements for exclusion from the regular rate calculation. Plaintiff has moved for the Court to permit this case to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and order Publix to produce the names and contact information of the prospective class members so that notice may be sent to apprise these individuals of their rights to join this collective action.

### 3. Defendant's Theory of the Case

Publix asserts that Plaintiffs' claims fail because Publix properly excluded Holiday Bonus, Holiday Pay, retail bonus payments, and other payments at issue from the regular rate calculations for its Hourly Associates. *See, e.g.*, 29 U.S.C. § 207(e); 29 C.F.R. § 778.210; 29 C.F.R. § 778.212; 29 C.F.R. § 778.219. Plaintiffs also are not entitled to conditional or final certification, or to Court-facilitated notice, under 29 U.S.C. § 216(b) because the prospective opt-ins are not similarly situated to the Plaintiffs and the Plaintiffs cannot adequately represent the interests of the potential opt-in parties.

### 4. Identification of the Issues

As discussed above, the issues of liability and damages are in dispute, as is the issue of whether this case can be maintained as a collective action under 29 U.S.C. § 216(b).

### 5. Need for Other Claims or Special Issues Under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure

The parties do not anticipate any need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs, however, have moved

for conditional certification of their FLSA claims pursuant to 29 U.S.C. § 216(b). Publix anticipates that, if Plaintiffs' conditional certification motion is granted in whole or in part, Publix will move to decertify any conditionally-certified class.

### 6. Witnesses, if Known, Subject to Supplementation by Each Party

The parties are in the process of identifying witnesses in this matter and will disclose witnesses in their Rule 26(a) initial disclosures.

### 7. Initial Disclosures, Staging of Discovery and Dispositive Motions

#### a. Rule 26(a)(1) Initial Disclosures

The parties shall make their Rule 26(a)(1) initial disclosures on or before August 18, 2014. In their initial disclosures, Plaintiffs shall provide the method of computing damages but need not provide the actual number of overtime hours at issue and the actual calculations of overtime damages until such time that Publix produces payroll records of the hours worked by Plaintiffs.

#### b. Staging of Discovery and Dispositive Motions

1. <u>Tolling of Statute of Limitations</u>: The Statute of Limitations is tolled, from the date of the filing of the Complaint, as to any Publix employee classified as an Hourly Associate and who worked more than 40 hours (i) in any workweek in the three years prior to the filing of the Complaint or (ii) in any workweek subsequent to the filing of the Complaint.

    Such tolling shall continue until the Court sets an end date at the request of a party.

2. <u>Initial Period of Discovery</u>: An initial period for fact discovery will commence following the exchange of initial disclosures on **August 18, 2014**, and conclude on **December 19, 2014**. Such discovery shall be limited to issues regarding the

manner in which Defendant calculates the regular rate of pay for Hourly Associates, and the policies and practices governing any form of remuneration which Defendant does not include in calculating the regular rate, including any facts relevant to the issue of whether such remuneration should be included in calculating the regular rate. That is, this discovery shall encompass, with regard to Hourly Associates, compensation policies and practices, all forms of remuneration provided, what remuneration is included and what excluded from the regular rate of pay, and the application of all written and unwritten pay practices and policies that effect the calculation of the regular rate.

3. <u>Disclosure of Witnesses</u>: During the initial discovery period, there will be no discovery of opt-in plaintiffs; discovery will be focused on issues of the manner in which Defendant calculates the regular rate of pay for Hourly Associates. Neither party shall use testimony and/or declarations of any person in support of, or in opposition to, any summary judgment motion as to the manner in which the regular rate is calculated, unless the names of such persons are disclosed no later than 45 days prior to the deadline for completion of the initial discovery period. To the extent any persons are disclosed, the opposing party is permitted to depose such persons, to the extent permitted by the Federal Rules of Civil Procedure.

4. <u>Communications with Potential Class Members</u>

    Both parties have stated they have no intention of communicating with potential parties about the merits of this case. Plaintiff and Defendant's counsel are permitted to communicate with potential class members regarding the instant case to the extent allowed by governing case law and the Fair Labor Standards Act.

However, given the issues that have arisen in the related Ott case, the Magistrate Judge would strongly urge the parties to be very cautious in communication with potential class members and to the extent the Defendant intends to circulate instructions to the managers about the case, they would be well advised to furnish a copy to Plaintiffs' counsel prior to transmitting it to their managers. Should the parties have concern about a specific communication, they may request the Magistrate Judge to rule on the matter.

5. <u>E-Discovery Conference & Responses to Discovery Requests</u>: To facilitate this initial discovery process, the parties shall have their e-discovery conference no later than August 25, 2014, and Defendant shall notify Plaintiffs of any objections or difficulties with written discovery within two weeks of service. Defendant agrees to make a good faith effort to provide complete responses and documents, as properly responsive to written discovery, within the time allotted by the Federal Rules of Civil Procedure, and, absent unusual circumstances, shall not seek an extension of time.

6. <u>Deadlines for Dispositive Motions</u>: The parties agree that the page limits contained in the Local Rules shall apply to dispositive motions. The Defendant will file within 28 days of the entry of this order, a bullet point outline of their intended argument for summary judgment on the correct rate of pay. This should be as complete as possible and must supplement if there are changes. The Defendant will file their Motion for Summary Judgment 14 days after the close of discovery. The Plaintiff will have 28 days for a response and the Defendant may have 14 days for a reply.

Should there be a substantive change from the bullet point outline to the actual motion, the Plaintiff may request additional discovery at the expense of the Defendant.

7. <u>Conditional Certification & Related Briefing Deadlines</u>: Following a ruling on summary judgment on what is included in regular rate of pay, notice shall issue to all persons who worked for the Defendants at any time since three years prior to the filing of the Complaint, who were affected by the challenged compensation practices which survive Defendants' motion for summary.

   The Defendant will respond to the pending Motion for Conditional Certification (Docket Entry 3) on or before September 12, 2014. Any reply will be filed within 14 days of the filing of the response.

   In the event the motion is granted, the notice will be prepared but not mailed until the Court has ruled on the anticipated motion for summary judgment on what is included in regular rate of pay. This will allow notice to be sent to only the potential opt in plaintiffs who may have claims at that point.

8. *<u>Rule 68 Offers of Judgment</u>*. The Defendant agrees they will make no offers of judgment until the opt tolling period ends.

9. *<u>Potential Settlement of Claims</u>*. To the extent other cases are filed against the Defendant that encompass the claims of this litigation, the Defendant agrees to notify Plaintiff's counsel of such suits.

10. <u>Address Tracing & Production of Social Security Numbers</u> After the Court's decision as to the summary judgment motion referenced above, and if the Court determines that notice should issue to some group of employees, Defendant will

produce to Plaintiffs, subject to an appropriate confidentiality order, social security numbers of employees to whom the Court permits issuance of notice in order to facilitate effective tracing of new addresses for former employees.

The Magistrate Judge will reserve judgment on whether any costs of tracing potential opt in plaintiffs should be transferred to the Defendant until the record is better developed.

11. Following the Court's ruling on Defendant's dispositive motion referenced in Section 7(b)(6), the Court shall conduct a subsequent case management conference to set further deadlines for the balance of discovery, any further motions, and other case management deadlines.

12. Defendant will ensure preservation of data reflecting names, addresses, telephone numbers, email addresses, or any other contact information regarding any potential class member, along with all payroll records and records of hours worked for such individuals. Defendant agrees that such data will remain reasonably accessible for purposes of production. *See* Fed. R. Civ. P. 26(b)(2)(B) ("A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost.").

13. Prior to filing any discovery-related motions, the party will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference call shall check with opposing counsel as to their availability before setting a time certain with the Magistrate Judge.

## 8. Dispositive Motions

See Section 7(b)(7) above. Other dispositive motion deadlines will be set at a subsequent case management conferece.

## 9. Other Deadlines

The deadline for Amending Pleadings, absent good cause shown, shall be August 29, 2014. The deadline for adding named parties, absent good cause shown, shall be August 29, 2014. This deadline shall not apply, however, to opt-in plaintiffs who will be governed by the Court's order on Notice.

## 10. Electronic Discovery

The default standard contained in Administrative Order No. 174 shall apply to this case, however the information described in paragraph 2 of the Order need not be exchanged until August 8, 2014. The E-discovery coordinator for Plaintiffs will be Christine Webber and the E-discovery coordinator for Defendant will be Brent Knight.

## 11. Subsequent Case Management Conference

A subsequent case management conference will be set within 30 days of the Court's ruling on Plaintiffs' Motion for Conditional Certification and Notice or Defendant's anticipated dispositive motions, whichever comes first.

## 12. Alternative Dispute Resolution

The Magistrate Judge does not believe alternative dispute resolution would be beneficial until such time as the parties have obtained rulings on conditional class certification and notice and the anticipated motion concerning the regular rate of pay. The Magistrate Judge, of course, remains available for assistance with alternative dispute resolution at any point.

## 13. Consent to trial before the Magistrate Judge

The parties do not consent to trial before the magistrate judge.

**14. Target Trial Date**

A trial date will be recommended at the end of the next case management conference.

It is so **ORDERED**.

/S/ Joe B. Brown
**JOE B. BROWN**
**United States Magistrate Judge**

**14.** **Target Trial Date**

A trial date will be recommended at the end of the next case management conference.

It is so **ORDERED**.

/S/ Joe B. Brown
**JOE B. BROWN**
**United States Magistrate Judge**