IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APRIL WHITE and BRUCE BOGACH, individually, and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:14-cv-1189 ) JUDGE CAMPBELL |
| PUBLIX SUPER MARKETS, INC, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiffs' Motion for Conditional Certification and Issuance of Notice (Docket No. 181) and Defendant's Request to End Tolling of the FLSA Statute of Limitations (Docket No. 183). Both motions are fully briefed. For the reasons set forth herein, the Court will grant Plaintiffs' motion on the terms and conditions set forth below. The Court will also grant Defendant's motion to end tolling. The tolling of the statute of limitations will end on the date of entry of this Memorandum Opinion and accompanying Order.

**I.     Factual Background and Procedural History**

Defendant Publix Super Markets, Inc. ("Publix") pays the hourly employees in its retail stores overtime in the amount of one and one-half times their stated hourly rate for hours they work above forty hours in a week, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendant also provides its hourly employees the following six types of additional payments: (1) a Retail Bonus that is paid quarterly to associates whose stores generate a profit in that quarter; (2) a Holiday Bonus paid in December to workers who are employed on the date the bonus is issued;

(3) a "Holiday Benefit" that is extra pay for six holidays each year; (4) tuition reimbursement for associates engaged in course work that is related to their current job at Publix or of value in their potential career paths with Publix; (5) "Prevention Plus" prizes given to randomly-chosen employees who complete a safety or loss prevention quiz; and (6) "WIN" or "Change It" awards given to employees who offer unsolicited ideas about how Publix can improve its service or generate cost savings.

Plaintiffs, who are hourly employees of Publix in this judicial district, filed their Complaint on May 16, 2014, alleging that Publix violated the FLSA by not including these six forms of additional payments in the calculation of hourly employees' "regular rate," as defined by the FLSA, which in turn caused their overtime rate to be lower than it should have been. Plaintiffs seek to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the FLSA. Plaintiffs bring this action on behalf of themselves and all those similarly situated and filed their "consent" to join this collective action under 29 U.S.C. § 216(b).

On October 7, 2014, the Court denied Plaintiffs' motion for conditional certification and issuance of notice without prejudice to being re-filed after the Court's decision on the parties' summary judgment motions. (Docket No. 71.) The case management order entered in this case similarly instructed that notice to class members would issue after a ruling on summary judgment. (Docket No. 62 at 6 (¶ 7).)

On August 19, 2015, ruled on Defendant's motion for summary judgment (Docket No. 143) and Plaintiffs' cross motion for partial summary judgment (Docket No. 157), granting and denying each motion in part. (Docket Nos. 179, 180.) Specifically, the Court entered judgment for Plaintiffs as to Publix's liability for failure to include Holiday Pay in the regular rate, leaving damages for this

claim to be determined. The Court entered judgment for Defendant as to Plaintiffs' claims that it improperly excluded the Holiday Bonus, tuition reimbursement, Prevention Plus, WIN and Change It awards, and Retail Bonus payments from the regular rate.

## II. Analysis

### A. Conditional Certification

The FLSA provides that a collective action to recover compensation may be maintained against any employer by any one or more employees for and in behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, FLSA collective actions require similarly-situated employees to "opt-in" as party plaintiffs. *See, e.g., O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 583 (6th Cir. 2009). The Sixth Circuit has recognized a two-step process that is used by most district courts to determine whether plaintiffs are similarly situated. *See, e.g., White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 877–78 (6th Cir. 2012). For the first stage, which occurs at the beginning of discovery, courts use a "fairly lenient standard" that "typically results in conditional certification of a representative class." *White*, 699 F.3d at 877. The court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations. *Wlotkowski v. Michigan Bell Telephone Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010). If the court determines that conditional certification is warranted, it may authorize the notification of similarly-situated employees to allow them to opt into the lawsuit. *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 167–68 (1989); *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

At the second stage, the court reviews the evidence produced during discovery and determines whether the class should be decertified. *O'Brien*, 575 F.3d at 583. Although the court

applies a "stricter standard" at the second stage, the FLSA plaintiff faces a lower certification burden than a plaintiff seeking certification under Rule 23. *White*, 699 F.3d at 877; *O'Brien*, 575 F.3d at 584–87; *Frye v. Baptist Memorial Hospital, Inc.*, 495 Fed. Appx. 669, 671–72 (6th Cir. 2012).

In determining whether the plaintiffs are similarly situated, the court may consider whether their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. Thus, a plaintiffs may show that she is similarly situated to the potential claimants by demonstrating that they were subject to a common policy or plan that violated the law. *Id.*

In this case, the Court has found that Publix violated the FLSA by failing to include Holiday Pay in the calculation of hourly employees' "regular rate," which in turn caused their overtime rate to be lower than it should have been. Based on the affidavits and other filings, the Court concludes that the Plaintiffs have sufficiently shown, for purposes of conditional certification, that they and the potential class members were subject to a common policy or plan that violated the law. Publix does not oppose the issuance of notice related to the Holiday Pay claim, although it does have objections to Plaintiffs' proposed notice.

Accordingly, the Court finds that the Plaintiffs have provided the "modest factual showing" required for conditional certification of the Plaintiffs' proposed class. Plaintiffs' Motion for Conditional Certification is GRANTED, and the Court will conditionally certify a collective action for a class consisting of all current and former Publix Hourly Associates who, at any time between May 16, 2011 and December 27, 2014, worked over 40 hours in a workweek that included any one of the days (the day before, the day of, or the day after) to which the attendance requirements of Publix's Holiday Pay policy applied and for which they received Holiday Pay.

**B.     Court-Supervised Notice**

The Plaintiffs have filed a proposed notice (Docket No. 181-1) directed to individuals who "worked for Publix as an Hourly Associate in a grocery store at any time between May 16, 2011 and the present (the 'relevant period'), and [who] worked more than 40 hours in one or more work weeks." The Defendant objects to the proposed notice on the following grounds: (1) the proposed notice defines the class to include Hourly Associates who worked overtime in weeks other than the workweek of the holiday for which payment was received; (2) the class should not include Hourly Associates who received Holiday Pay after Publix changed the attendance requirements for Holiday Pay, effective December 27, 2014; (3) the class should only include individuals who were actually required to work (as opposed to using vacation days, jury leave, etc.) to receive Holiday Pay;(4) the proposed notice does not include Publix's position that it properly excluded payments from the regular rate calculation; (5) the proposed notice does not mention that opt-in plaintiffs may be required to participate in discovery; and (6) the proposed notice fails to inform potential opt-in plaintiffs that they can choose their own counsel.

The Defendant's first objection is sustained in part and overruled in part. The Plaintiffs state that they do not seek issuance of notice to hourly associates who did not work overtime in a work week that included any of the days before, after, and/or on the holiday for which a Holiday Pay attendance bonus was paid. (Docket No. 188 at 1). However, that is not clear from the proposed notice, which defines the class too broadly in light of the Court's summary judgment ruling. The Court sustains Defendant's objection as to the notice's overly broad definition of the class.

But the Defendant also argues as follows with respect to its first objection:

> The regular rate should be recalculated only for the workweek of the holiday. . . . Because the Court held that Holiday Pay is "extra pay for six holidays each year,"

5

(Docket No. 179 at 2), and not pay for any other day or week of the year, Holiday Pay "cover[s]," or is "earned during the workweek that includes the holiday, and no other workweek."(Docket No. 182 at 4).

(Docket No. 182 at 4). As the Defendant has interpreted the Court's ruling too narrowly, the Court overrules this component of Defendant's objection. The Court's summary judgment ruling held that Publix's Holiday Pay "plan is actually an attendance bonus, rewarding attendance *on and around* holidays for those who are scheduled to work during busy holiday business hours." (Docket No. 179 at 11) (emphasis added). If an "employee was scheduled to work on the holiday, or on the day before or after the holiday, he must work in order to receive the Holiday Pay." (Id. at 9). The Holiday Pay attendance bonus is a reward for attendance, if required by Publix, on three separate days around each of the six enumerated holidays, which the Court will refer to as the "holiday period." Clearly, the three days in the holiday period may or may not have fallen in the same weekly pay period, depending on when the holiday itself fell in the workweek. Thus, the attendance bonus payment must be allocated to the workweeks that include the applicable days for which the payment is made. 29 C.F.R. § 778.209(a).

The Defendant's second objection is sustained. The Plaintiffs concede Defendant's point on this issue in their reply brief and agree, based on Publix's representation that it discontinued the attendance requirements for Holiday Pay effective December 27, 2014, that the workweeks within the class recovery period for the Holiday Pay claim end on that date. (Docket No. 188 at 1).

The Defendant's third objection is overruled. Consistent with the Court's summary judgment ruling, the class includes those who were not actually required to work (as opposed to use vacation days, jury leave, etc.) to receive Holiday Pay: "The fact that some employees are not scheduled for work on the holiday (or are excused from work for various reasons) and so receive pay for the

6

holiday even though they did not work does not render the payments excludable from the regular rate."(Docket No. 179 at 12). As explained in the Court's summary judgment ruling, as an attendance bonus, Publix's Holiday Pay bonus, as it operated during the relevant period in this lawsuit, does not fall into an exception to the FLSA's general rule that the calculation of an employee's "regular rate" includes "all remuneration for employment paid to. . . the employee." 29 U.S.C. § 207(e).Thus, whether an employee was required to work during the holiday period or not, the FLSA requires that Publix include this attendance bonus payment in the calculation of the regular rate.

To address Defendant's first and third objections, the Plaintiffs are directed to change the second paragraph to the following:

> April White and Bruce Bogach (the "Representative Plaintiffs") filed a lawsuit (the "Lawsuit") seeking to recover allegedly unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Publix under federal law (the FLSA). The Representative Plaintiffs allege that, between May 16, 2011 and December 27, 2014, Publix failed to pay some Hourly Associates all the overtime compensation required under the law. They allege that, because Publix did not include "Holiday Pay" payments in the calculation of the "regular" hourly rate, its calculation of the overtime rate (which is one and a-half times the regular rate for work above forty hours in a week) was too low. Publix paid the extra Holiday Pay to employees who met its attendance requirements (which may or may not have required actually working) on the day before, the day of, or the day after each of six holidays per year. Those holidays were New Year's Day, Memorial Day, Fourth of July, Labor Day, Thanksgiving Day, Christmas Day.

The Plaintiffs are directed to change the fifth paragraph to the following:

> You may be eligible to join and become a party to the Lawsuit if you (1) worked for Publix as an Hourly Associate in a grocery store at any time between May 16, 2011 and December 27, 2014, and (2) worked more than 40 hours in one or more weeks that included the day before, the day of, or the day after New Year's Day, Memorial Day, Fourth of July, Labor Day, Thanksgiving Day, Christmas Day.

> The Defendant's fourth objection is sustained. The Defendant seeks to add the italicized text

to Plaintiff's proposed notice:

> Publix is the defendant in this action and denies the allegations in the Plaintiffs' Complaint. It is Publix's position that its Hourly Associates received all compensation owed, including all overtime compensation, *and that Publix properly calculated the regular rate of pay for Hourly Associates.* Publix also asserts that it has at all times acted in good faith and that it did not violate the FLSA.

(Docket No. 182-1 at 2). The Defendant's proposed additional language is not essential, but given that the Court's re-writing of the second paragraph includes an explanation of the issue related to the calculation of the regular rate, it is reasonable to include Publix's language related to its position on that matter as well.

The Defendant's fifth objection is overruled for the same reasons given by the Court in the *Ott* case. In 2013, this Court granted conditional certification for a class of Publix managers who alleged that Publix miscalculated their overtime payments by improperly classifying them as non-exempt and by failing to include several of the same items of compensation as those at issue in the instant case in the calculation of the applicable overtime regular rate. *Ott v. Publix Super Markets, Inc.*, No. 3:12-0486, 2013 WL 1874258 (M.D. Tenn. May 3, 2013). The parties in *Ott* were represented by many of the same attorneys as those involved in this case. The parties settled that case before the Court issued a summary judgment ruling. The Defendant's fifth objection in this matter is identical to an objection it raised in the *Ott* case, which the Court overruled. Plaintiffs' proposed notice states: "While the lawsuit is proceeding, you might be required to provide information or otherwise participate in this action." The Defendant objects that this language does not inform potential opt-in plaintiffs that they may be required to participate in discovery. As the Court concluded in *Ott*, "the proposed language sufficiently informs potential opt-in plaintiffs, in layman's terms, that they may be required to participate in discovery." *Ott*, 2013 WL 1874258, at

*3.

The Defendant's sixth objection was also overruled by the Court in the *Ott* case because it was "not persuaded that the proposed notice should advise the potential opt-in plaintiffs that they are free to choose their own counsel, as such language would result in confusion." *Id.* However, the Court instructed the *Ott* plaintiffs to add the following sentence to the end of the paragraph entitled "What Happens if I do not Join this Lawsuit?": "If you choose not to join in this lawsuit, you are free to file your own lawsuit." *Id.* The Court instructs Plaintiffs in this matter to add the same sentence in the same location, which Plaintiffs have already agreed to do. (Docket No. 188 at 7 n.4).

Finally, Publix makes a general reference to "other deficiencies" in the proposed notice, and Publix's own proposed notice has some language that differs from the Plaintiffs' proposed notice in ways that are not addressed in its brief. Any objections not specifically addressed in Publix's brief with legal argument and citation to authority are waived.

In conclusion, in addition to granting conditional certification of this lawsuit as a collective action, the Court also approves issuance of notice in the form proposed by Plaintiffs (Docket No. 181-1) as revised in accordance with this Memorandum Opinion. Regarding notice administration procedures, the Court will grant Plaintiffs' following unopposed requests: (1) Plaintiffs may create and implement a case-specific website; (2) Publix shall provide names and last known contact information, including the last known mailing address, of the class members in a searchable format within 10 days of the entry of this order; (3) Publix shall provide the social security number for any potential class member for who Plaintiffs or their retained third-party notice administrator received a returned undeliverable envelope from the U.S. Postal Service, to allow for skip tracing and re-mailing of the notice packet to such updated address. Plaintiffs shall also make the non-substantive

corrections listed in their reply brief. (Docket No. 188 at 8).

### C. Defendant's Request to End Tolling of FLSA Statute of Limitations

When the Plaintiffs filed this collective action on May 16, 2014, they simultaneously filed their motion for collective action notice. (Docket No. 1-3). Defendant requested that the Court defer ruling on notice until after the parties conducted discovery and briefed their opposing summary judgment motions. Defendant agreed, as part of this request, to have the Court toll the statute of limitations from the date of the filing of the Complaint until the Court ruled on its dispositive motion. (Proposed Initial Case Management Order, Docket No. 61 at 8 (¶ 4)). On August 8, 2014, the magistrate judge issued an Initial Case Management Order provided that notice would not be mailed until the Court ruled on summary judgment motions (Docket No. 62 at 6 (¶ 7)), and that the statute of limitations would be tolled from the date of the filing of the Complaint "until the Court sets an end date at the request of a party." (Docket No. 62 at 3 (¶ 7(b)(1))).

The Defendant requests that the Court order that tolling be ceased as of the date the Court entered its summary order on August 19, 2015. The Plaintiffs request that tolling for the individuals soon to receive notice continue until the conclusion of the notice period, and for those not receiving notice because the Court dismissed their claims in its summary judgment ruling, until final resolution of the merits of their claims, including any appeal.

"The propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citation omitted). In this matter, the Court concludes that it is appropriate for the tolling of the statute of limitations to end as of the date of entry of this Memorandum Opinion and accompanying Order. This avoids prejudice to potential opt-ins, while also recognizing that federal courts typically extend such equitable relief "only

sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Nothing in this ruling precludes would-be opt-in plaintiffs at a later stage of the litigation from advancing an argument that equitable tolling should apply. *Kutzback v. LMS Intellibound, LLC*, No. 2:13-CV-2767-JT-CGC, 2014 WL 7187006, at *13 (W.D. Tenn. Dec. 16, 2014) *report and recommendation adopted*, No. 2:13-CV-2767-JTF, 2015 WL 1393414 (W.D. Tenn. Mar. 25, 2015); *Miller v. Jackson*, No. 3:10-1078, 2011 WL 1060737, at *8 (M.D. Tenn. Mar. 21, 2011).

**IV.    Conclusion**

For the foregoing reasons, the Court will grant Plaintiffs' motion on the terms and conditions set forth herein and also grant Defendant's motion to end tolling. The tolling of the statute of limitations will end on the date of entry of this Memorandum Opinion and accompanying Order.

An appropriate order is filed herewith.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE